IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GSK TECHNOLOGIES, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:06-cv-360 [LED] |
| | § | |
| GENERAL ELECTRIC COMPANY | § | JURY DEMANDED |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant, General Electric Company ("GE"), answers Plaintiff's Original Complaint

for Patent Infringement as follows:

## I.  THE PARTIES

1.      Plaintiff GSK is a Texas corporation having its principal place of business at 1615 West Brown Street, Wylie, Texas  75098.

**ANSWER**:

GE is without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1.

2.      Upon information and belief, Defendant is a New York corporation having a principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.  Defendant is authorized to do business in Texas and may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas  75201.

**ANSWER**:

Admitted.

## II. JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:

GE admits that the Plaintiff's complaint purports to state causes of action under the

United States patent and trademark laws, but denies that GE has violated any of those laws.

4.      Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Defendant because of its conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Eastern District of Texas.

**ANSWER**:

GE admits that personal jurisdiction exists over it in the Eastern District of Texas.  GE

denies the remaining allegations of Paragraph 4.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

**ANSWER**:

GE admits that venue is proper in this Court.

### III.  PATENT INFRINGEMENT

6.      Plaintiff GSK repeats and realleges the allegations in paragraphs 1-5 as though fully set forth herein.

**ANSWER:**

GE repeats and realleges its answers to paragraphs 1-5 as though fully set forth herein.

7.      Plaintiff GSK is the owner of all rights, title, and interest in and under United States Patent No. 4,949,214 ("the '214 Patent"), which duly and legally issued on August 14, 1990.

**ANSWER**:

GE is without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 7.

8.     The '214 Patent is for an invention titled "Trip Delay Override For Electrical Circuit Breakers."  A true and correct copy of the '214 Patent is attached hereto as <u>Exhibit A</u>.

**ANSWER**:

GE admits that Exhibit A to the Plaintiff's complaint appears to be a copy of United States patent number 4,949,214 entitled "Trip Delay Override for Electrical Circuit Breakers," issued to George A. Spencer on August 14, 1990, and denies the remaining allegations of paragraph 8.

9.     The '214 Patent is valid and enforceable.

**ANSWER**:

Denied.

10.     Plaintiff GSK has complied with the requirements of 35 U.S.C. § 287.

**ANSWER**:

GE is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Upon information and belief, Defendant has been and is infringing the '214 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '214 Patent, including but not limited to products known as "THQL1115AF" and "THQL2115AF."

**ANSWER**:

Denied.

12.     By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '214 Patent, Defendant has also induced infringement of the '214 Patent under 35 U.S.C. § 271(b), and has contributed to the infringement of the '214 Patent under 35 U.S.C. § 217(c).  The infringing products have no substantial non-infringing uses.

**ANSWER**:

Denied.

13.     Upon information and belief, Defendant had knowledge of the '214 Patent but has engaged in its infringing conduct nonetheless.  Defendant's infringement is therefore willful.

**ANSWER**:

Denied.

14.     As a direct and proximate result of Defendant's acts of patent infringement, Plaintiff GSK has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

**ANSWER**:

Denied.

15.     Plaintiff GSK has no adequate remedy at law against these acts of  patent infringement.  Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '214 Patent, Plaintiff GSK will suffer irreparable harm.

**ANSWER**:

Denied.

16.     Plaintiff GSK has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff GSK is entitled to recover its reasonable and necessary fee and expenses.

**ANSWER**:

Denied.

## GE's AFFIRMATIVE DEFENSES

1.     The '214 Patent is invalid for failure to satisfy one or more of the requirements for patentability, including, without limitation, sections 102, 103, and/or 112 of Title 35 of the United Sates Code.

2.     Plaintiff's patent damages claim is limited by its failure to mark products with the number of the '214 Patent.

3.     Laches bars the Plaintiff from receiving any of the relief that the Plaintiff seeks in its complaint.

## GE's COUNTERCLAIMS

For its counterclaims against GSK Technologies, Inc. ("GSK"), General Electric

Company ("GE") states as follows:

## NATURE OF THE CASE

1.      This is an action for declaratory relief arising under the United States Patent

Laws, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PARTIES

2.      Counter-plaintiff GE is a New York corporation with its principal place of

business in Fairfield, Connecticut.

3.      Counter-defendant GSK alleges in this action to be a Texas corporation with its

principal place of business in Wylie, Texas.

## JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331, 1338, and 2201.

5.      This court has personal jurisdiction over GSK, and venue is proper in this district,

because counter-defendants have consented thereto by filing the underlying action against GE.

6.      An actual case and controversy over the infringement and validity of the claims of

U.S. Patent Number 4,949,214 (the "'214 Patent") exists between GE and GSK because GSK

has sued GE for infringement of the '214 Patent.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT
## OF NONINFRINGEMENT

7.      GE incorporates paragraphs 1-6 of its counterclaims as if fully restated herein.

8.      GE does not infringe, directly or indirectly, any valid claim of the '214 Patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT
## OF PATENT INVALIDITY

9.       GE incorporates paragraphs 1-8 of its counterclaims as if fully restated herein.

10.     Each of the claims of the '214 Patent is invalid for failure to satisfy the requirements of patentability of the United States Patent Laws, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, GE prays that this honorable Court:

A.       Enter judgment on GSK's complaint in favor of GE, and against GSK, and deny GSK any relief in connection therewith;

B.       Declare GE does not infringe any valid claim of U.S. Patent No. 4,949,214;

C.       Declare that each of the claims of U.S. Patent No. 4,949,214 is invalid; and

D.       Award GE such other and further relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

GE hereby demands trial by jury of all issues properly so triable.

Dated:  November 30, 2006       Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON
A Professional Corporation
110 N. College, 500 Plaza Tower
Tyler, TX 75702
(903) 597-8311
903 593 0846 (Facsimile)
mikejones@potterminton.com

Bradford P. Lyerla *(pro hac vice pending)*
John R. Labbé *(pro hac vice pending)*
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
312) 474-6300
blyerla@marshallip.com
jlabbe@marshallip.com

*Attorneys for Defendant General Electric Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 30, 2006.  Any other counsel of record will be served by First Class mail on this same date.

*/s/ Michael E. Jones*